## No. 723.—SUCCESSION OF HORTENSE PATIN.

In 1831, before emancipation, a number of slaves was sold at probate sale and purchased by the heirs. In 1867, after emancipation, the administrator filed his account debiting each one of the heirs with the amount of his purchase for slaves, which had not been paid into the succession, against which he oppo ed the amount of their respective inheritances, crediting or charging them with the difference, as the case might be. The heirs opposed the homologation of the account. Held—that under the settled jurisprudence of the State, the obligations contracted by the heirs in 1861, on account of their purchase of slaves, being null and void, could not be an element in either confusion or compensation; nor could that portion of the proceeds, for the sale of slaves, form a part of the assets of the estate, and that the administrator must account to the heirs for their portions without taking into account the sale of slaves as assets, and without charging the heirs with the amount of their purchase for slaves.

APPEAL from the Parish Court, parish of Lafayette. *Moss*, Parish Judge. *William Mouton*, for appellant. *M. E. Girard*, for appellee.

Howe, J.  Hortense Patin died in 1861, and on the twenty-eighth December, of that year, a sale of the effects of her succession was made. At this sale certain slaves were purchased by the heirs—one by Marcel Begneaud, for $2040; one by Alice Begneaud for $2430, and two by Emma Begneaud, widow of J. M. Dugas, for $3660.

In February, 1867, Onezime Mouton, the administrator, presented an account and tableau, with prayer for advertisement, citation an l homologation.  The heirs above named filed their oppositions alleging that they were illegally charged with the amount of their purchases of slaves, the effect of which was to bring them in debt to the succession, after receiving credit for their inherited shares.  The account was at first homologated so far as not opposed, and after trial of the oppositions the court a qua gave judgment that the oppositions so far as the inheritance of each was concerned be rejected, that amount being decreed to be "settled by confusion" to the extent of their purchases.  The oppositions were maintained for the balance due the succession for the purchase price of slaves.

The opponents have appealed.

We are constrained to think that the judgment was erroneous.  Under the jurisprudence of the State, as well settled, the obligations contracted by the heirs by their purchase of December, 1861, being null and void, cannot be an element in either confusion or compensation. To recognize them as such would be, practically, to enforce them.  19 Ann. 234; Constitution, article 128; C. C. 2205, 2214.

It is therefore ordered that the judgment appealed from be avoided and reversed; that the oppositions of the appellants be maintained; that the items of $2040 charged against Marcel Begneaud, of $2430 charged against Alice Begneaud, and of $3660 charged against Emma Begneaud, widow of J. M. Dugas, be stricken out both from the list of debts due by them respectively and from the list of assets with which the administrator is debited, and that the cause be remanded in order that the account may be amended and homologated according to law. Costs of the appeal to be paid by the succession.